**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
No. 96-11482
Summary Calendar

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

versus

**PAUL BURTON JONES,**

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(2:96-CR-23-2)**
_____

August 21, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Paul Burton Jones appeals his conviction and sentence for conspiracy to transport, ship, receive, or distribute, by computer, visual depictions of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 371, and for two counts of transporting child pornography, in violation of 18 U.S.C. § 2252(a)(1). He contends that the evidence is insufficient to sustain his convictions on the substantive counts; that the district court

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred by admitting into evidence a photograph depicting a female who had undergone an autopsy; and that the district court erred by increasing his offense level for distribution of child pornography, depictions portraying sadistic or masochistic conduct, and obstruction of justice.

Jones' challenge to the sufficiency of the evidence fails because the jury was entitled to reject the evidence supporting his alibi defense. *See* **United States v. Layne**, 43 F.3d 127, 130 (5th Cir.), *cert. denied*, 514 U.S. 1077 (1995).

Jones' contention that admission of the autopsy depiction was an abuse of discretion, because the Government did not prove that the female depicted was a minor and that the depiction was not of sexually explicit conduct, is without merit. Considering the graphic nature of the numerous depictions of children engaged in sexually explicit conduct, which were admitted into evidence, and even assuming error, it was harmless. *See* **United States v. Torres**, 114 F.3d 520, 525-26 (5th Cir. 1997).

The district court found that Jones exchanged child pornography with others "with the hope of obtaining child pornography himself in the process". **[5 R 66]** Accordingly, it enhanced Jones' offense level by five levels under U.S.S.G. § 2G2.2(b)(2), which provides that, "[i]f the offense involved distribution, increase by the number of levels from the table in §2F1.1 corresponding to the retail value of the material, but in no

event by less than 5 levels." U.S.S.G. § 2G2.2(b)(2). Jones contends that the district court erred by applying the enhancement because there was no evidence of widespread distribution or distribution for pecuniary gain.

Jones relies on the commentary, which provides that "'[d]istribution,' as used in this guideline, includes any act related to distribution for pecuniary gain, including production, transportation, and possession with intent to distribute." U.S.S.G. § 2G2.2, comment. (n.1). In **United States v. Kimbrough**, 69 F.3d 723 (5th Cir. 1995), *cert. denied*, ___ U.S. ___, 116 S. Ct. 1547 (1996), our court affirmed a § 2G2.2(b)(2) enhancement where the defendant had set up a bulletin board system designed to distribute and receive child pornography, even though there was no evidence that the defendant had engaged in commercial distribution. *Id*. at 734-35. And, in **United States v. Canada**, 110 F.3d 260 (5th Cir. 1997), our court affirmed an enhancement under § 2G2.2(b)(2), where the purpose of the distribution was to entice a 13-year-old into having sex with the defendant; but, we did not decide whether distribution alone is enough to apply the enhancement or whether an "additional element must be present". *Id*. at 263 & n.4. We need not decide that question in this case, either, because the enhancement was not based on mere distribution. Jones' distribution of child pornography for the purpose of receiving other child

pornography from the recipients is sufficient to trigger the enhancement.

The district court did not clearly err by finding that a depiction of a nude, blindfolded female, with bound legs, hanging from the ceiling with handcuffs, was a depiction of a minor. Accordingly, it did not err by applying a four-level enhancement under § 2G2.2(b)(3), for material portraying sadistic or masochistic conduct.

Finally, the district court did not clearly err by enhancing Jones' offense level for obstruction of justice, under U.S.S.G. § 3C1.1, based on finding that Jones deleted pornographic depictions from his computer after his co-defendant was arrested.

**AFFIRMED**